**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Nicholas Xenos,<br><br>and<br><br>Kathy Xenos,<br><br>Plaintiffs,<br><br>v.<br><br>Maxwell & Morgan, P.C.<br>c/o Brian W. Morgan<br>4854 E Baseline Road, Suite 104<br>Mesa. AZ 85206,<br><br>and<br><br>Associated Property Management, Inc.<br>c/o Thomas S. Emele<br>3260 E. Indian School Road<br>Phoenix, AZ 85018<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTON PRACTICES ACT AND NEGLIGENCE**<br><br>**Jury Demand Requested** |

## JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1337, 1367; and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

1- Plaintiffs incurred an obligation to pay homeowners association fees to Barcelona Condominium Association (the ñDebtò).

2- The Debt qualifies as a ñconsumer debtò under the FDCPA since it was incurred primarily for personal and household purposes.

3- Barcelona Condominium Association (ñBarcelonaò) hired Defendant Associated Property Management, Inc. (ñAPMò) to manage the property and collect the HOA fees.

4- Defendant APM is a business entity with its principal place of business in the State of Arizona.

5- Plaintiffs are residents of the State of Illinois.

6- Defendant Maxwell & Morgan (ñM&Mò) is a law firm with its principal office in the State of Arizona.

7- Defendant M&M is a ñdebt collectorò under the Fair Debt Collection Practices Act.

8- Defendant M&M uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

9- Defendant M&M regularly attempts to collects, or attempts to collect, debts that are owed to others.

**FACTS COMMON TO ALL COUNTS**

3- In 2016, Barcelona retained Defendant M&M to represent Barcelona in an unrelated action against Plaintiffs.

4- Plaintiffs incurred an obligation to homeowners association fees (ñHOAò) to Barcelona for the months of October through December 2016 (the ñDebtò).

5- On December 5, 2016, there was a hearing in a Maricopa County court that addressed, in part, the Debt.

6- At the above-referenced hearing, Defendant M&M represented to the court that Defendant APM had not received payment for the Debt.

7- At the hearing, Plaintiffs represented to the court <u>and to Defendant</u> that payment had been sent but agreed to stop payment on the three checks (##s 4323, 4292, and 4311), hereinafter the ñCancelled Checks,ò and send a replacement check.

8- On or around December 9, 2016, Plaintiffs requested Marquette Bank to stop payment on the Cancelled Checks.

9- On or around December 22, 2016, Plaintiffs issued a replacement check (# 4346) and mailed the same to Defendant.

10- On or around January 6, 2017, the replacement check was honored by Marquette Bank, thereby extinguishing the Debt.

11- In or around March 2017, Defendant APM deposited one of the Cancelled Checks (#4323) but, due to the stop payment, it was returned without being honored.

12- On or around March 20, 2017, Defendant M&M sent a letter to Plaintiffs to collect on the cancelled check that was returned without being honored (the ñLetterò).

13- In the Letter, Defendant M&M sought to collect an additional $200 for collection costs and ñprotest fees.ò

14- At the time of the Letter, Defendant M&M knew that the Plaintiffs had stopped payment on the cancelled checks and agreed to issue a replacement check.

15- At the time of the Letter, Defendant M&M had received the replacement check and provided the same to Barcelona.

16- At the time of the Letter, Defendants M&M and APM knew that Plaintiffs had satisfied the Debt, and that the Debt no longer existed.

17- In the Letter, Defendant M&M threatened that the Debt could increase two-fold unless it was paid within 12 days.

18- In the Letter, Defendant M&M threatened that the debt could increase the Debt by attorneysô fees and costs unless it was paid within 12 days.

19- Defendants damaged Plaintiffs.

20- Defendant M&M violated the FDCPA.

**COUNT I – VIOLATIONS OF THE FDCPA**

21- Plaintiffs incorporate all the allegations and statements made above as if reiterated herein.

22- Defendant M&M violated 15 USC § 1692e by engaging in false, deceptive, or misleading methods to collect a debt.

**COUNT II – VIOLATIONS OF THE FDCPA**

23- Plaintiffs incorporate all the allegations and statements made above as if reiterated herein.

24- Defendant M&M violated 15 USC § 1692e(2) by misrepresenting the character, amount, and/or legal status of the Debt.

**COUNT III – VIOLATIONS OF THE FDCPA**

25- Plaintiffs incorporate all the allegations and statements made above as if reiterated herein.

26- Defendant M&M violated 15 USC § 1692e(5) by threatening to take action that cannot be legally taken.

**COUNT IV – VIOLATIONS OF THE FDCPA**

27- Plaintiffs incorporate all the allegations and statements made above as if reiterated herein.

28- Defendant M&M violated 15 USC § 1692e(10) by using false representations and/or deceptive means to collect, or attempt to collect, the Debt.

**COUNT V– VIOLATIONS OF THE FDCPA**

29- Plaintiffs incorporate all the allegations and statements made above as if reiterated herein.

30- Defendant M&M violated 15 USC § 1692f by engaging in unfair and/or unconscionable means to collect, or attempt to collect, the Debt.

**COUNT VI– VIOLATIONS OF THE FDCPA**

31- Plaintiffs incorporate all the allegations and statements made above as if reiterated herein.

32- Defendant M&M violated 15 USC § 1692f(1) by attempting to collect charges that are not authorized by law.

**COUNT VII– NEGLIGENCE**

33- Plaintiffs incorporate all the allegations and statements made above as if reiterated herein.

34- Defendant APM had a duty to collect and process the HOA fees for Barcelona.

35- Defendant APM breached that duty by failing to properly account for the Cancelled Checks, and the Replacement check.

36- As a direct and proximate cause of Defendant APMǒs breach, Plaintiffs were the victims of illegal collection practices by Defendant M&M.

37- As a direct and proximate cause of Defendant APMǒs breach, Plaintiffs had their rights under the FDCPA violated.

38- As a direct and proximate cause of Defendant APMǒs negligence, Plaintiffs suffered anxiety, distress, loss of peace of mind.

39- As a direct and proximate cause of Defendant APMǒs negligence, Plaintiffs had to retain an attorney to prevent Defendants from causing further damage.

**JURY DEMAND**

40- Plaintiffs demand a trial by jury.

**PRAYER FOR RELIEF**

41- Plaintiffs pray for the following relief:

a. Judgment against Defendant M&M for Plaintiffsô actual damages, as determined at trial, suffered as a direct and proximate result Defendantôs violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant M&M for $2,000 in statutory damages for Defendantôs violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant M& M for Plaintiffsô reasonable attorneysô fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3);

d. Judgment against and Defendant APM for $30,000 in punitive damages; and

e. Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Meier LLC

By: *_/s/ Richard J. Meier_*

Richard J. Meier, Esq.
401 N. Michigan Avenue, Suite 1200
Chicago, IL 60611
Tel: 312-242-1849
Fax: 312-242-1841
richard@meierllc.com
*Attorney for Plaintiff*